STATE, EX REL. LUCIUS E. MANN ET AL., APPELLANTS, V. WILLIAM A. CLARK, APPELLEE.

FILED JUNE 7, 1907. No. 14,860.

1. County Warrants: PAYMENT. A county warrant issued against the general fund of a certain year is not payable out of the general fund of a subsequent year, unless included in the estimate of the latter year, or unless, after deducting the items included in such estimate, sufficient remains to pay such warrant.

2. Counties: GENERAL FUND. The amount received by the county treasurer as interest from depository banks should be credited to the general fund of the county immediately on its receipt, and can be disbursed only as other moneys belonging to that fund.

APPEAL from the district court for Loup county: JAMES R. HANNA, JUDGE. *Affirmed.*

*A. S. Moon,* for appellants.

*C. I. Bragg* and *A. M. Robbins, contra.*

DUFFIE, C.

Plaintiffs and appellants constitute the board of county commissioners of Loup county. Clark, the appellee, is treasurer of the county and has occupied the office since January, 1904. Following the custom of his predecessors, the treasurer had prorated the interest received from the several banks where the funds of the county were deposited, and credited the same to the several funds from which the interest was derived. Section 10871, Ann. St., provides that "all interest on such moneys be credited by the county treasurer directly to the account of the general fund of the county." At a meeting of the board of county commissioners held on August 21, 1905, the board adopted a resolution requiring the treasurer to credit the general fund of the county for 1905 with all interest theretofore credited to the several funds from which such interest had been derived, but Clark, instead of complying literally with the order of the commissioners, after crediting the interest in question to the general fund of the county, used it to pay outstanding warrants issued in 1903 and 1904, instead of the warrants of 1905, to the payment of which the commissioners insist the interest should be applied.

In answer to an alternative writ of mandamus issued by the district court on the application of the commissioners, Clark, among other matters, states that at the time the plaintiffs made the order above referred to there were filed against the general fund of 1903 unallowed claims

amounting to $368.58, and against the general fund of 1904, $442.48; that the levy for said years had been entirely exhausted, and no provision made in any manner by which the unallowed claims could be paid, and that said unallowed claims were all proper charges against said fund; that warrants had also been drawn against said funds which were outsanding and unpaid at the time of the order, and that he had credited the interest in question to the general fund of those years, and had paid out the sums ordered to be transferred on warrants drawn against the levy for the general fund of 1903-1904. The district court refused to award a peremptory mandamus and dismissed the plaintiffs' petition, and from this order and judgment the plaintiffs have appealed.

From the above statement it will be seen that the question to be determined is whether depository interest received by a county treasurer during the years 1903 and 1904 should be applied to the payment of oustanding warrants issued against the general fund of the county during those years, or whether the county board may of right direct it to be applied to the payment of warrants issued against the general fund of the county in the year 1905, it not being shown that the outstanding warrants of 1903 and 1904 had been included in the annual estimate of the expenses of the county for the year 1905. Subdivision VI, sec. 4443, Ann. St., defining the duties of county boards, is as follows: "At their regular meeting in January of each year to prepare an estimate of the necessary expenses of the county during the ensuing year, the total of which shall in no instance exceed the amount of taxes author·ized by law to be levied during that year, including the amounts necessary to meet outstanding indebtedness, as evidenced by bonds, coupons, or warrants legally issued; and such estimate, containing the items constituting the amounts, shall be entered at large upon their records and published four successive weeks before the levy for that year in some newspaper published and of general circulation in the county, or if none is published, then in some

newspaper of general circulation therein; and no levy of taxes shall be made for any other purpose or amounts than are specified in such estimate as published, but any item or amount may be stricken from such estimate, or reduced, at the time the levy is made." In *State v. Harvey*, 12 Neb. 31, this section was considered by this court. Hitchcock applied to the court for a mandamus to compel Harvey, the treasurer of Furnas county, to pay a registered warrant of that county for the year 1879, without preferring the warrants of 1880 to the warrants of 1879, previously registered, in disbursing the revenue of the year 1880 collected by it. Judge LAKE, who wrote the opinion, after quoting the provisions of the statute above set out, said: "In these provisions we see that the commissioners are required to distinctly specify the very purposes for which they levy taxes for each current year. And one of the purposes which they are authorized to consider and levy for is the outstanding indebtedness of the county, evidenced by its warrants legally issued in former years. The warrant in question was issued July 8, 1879, and against the levy for that year, *but it is not shown that the indebtedness it evidenced entered into the estimate for the levy of 1880, out of which the relator seeks to have it paid.* Nor does it even appear that there was any reason why it should have been a part of that estimate, ample provision already having been made by the levy of 1879, the year in which it was drawn, as shown by the unexpended balance indorsed on the warrant itself. Now, the law requiring an itemized estimate to be made of the requisite amounts to be raised by taxation for county purposes, is it not a reasonable inference, from this fact alone, that the legislative intent was that the funds realized from the levy should be devoted to those purposes? It certainly could not have been intended that objects thus provided for should be postponed to such as were not included in the yearly estimate." The conclusion arrived at by the court was that, where the estimate does not include outstanding warrants of preceding years, the fund arising from the

levy of the present year cannot be legally used to pay warrants of preceding years, not, at least, until all the expenditures contemplated by the yearly estimate for the present year have been made. There is nothing in the record showing that the warrants drawn and still unpaid by Loup county against the levy of 1903-1904 had been included in the estimate made by the county board for the year 1905, and, this being so, the treasurer, under the holding in *State v. Harvey, supra,* was not authorized to use funds derived from the levy of 1905 in payment of warrants issued in 1903 and 1904. If he was not authorized to use the general fund of the county levied for the years 1903 and 1904 to pay warrants issued against the levy of 1905, could he use any money properly belonging to these funds for that purpose? We think not. If the interest received from the depository banks during the years 1903 and 1904 had been properly credited, it would have become a part of the general county fund of these years, as much so as the money derived from the tax levy then made, and could be used only for the payment of the items included in the estimate made for these years, and not for the payment of any of the items included in the estimate of 1905.

This, to us, seems decisive of the case and requires an affirmance of the judgment appealed from, and we so recommend.

EPPERSON and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment appealed from is

AFFIRMED.